UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                                                Chapter 7

J.P.R. MECHANICAL INC.                                                         Case No.: 19-23480-dsj
d/b/a JPR MECHANICAL, <u>et al.</u>,                                      (Jointly Administered)

        Debtors.
-------------------------------------------------------------------x
MARIANNE T. O'TOOLE, solely in her capacity as                  Adv. Pro. No.: 21-07079-dsj
Chapter 7 Trustee of the Estate of J.P.R. Mechanical
Inc. d/b/a JPR Mechanical,

        Plaintiff,

-against-

RADIUM2 CAPITAL, LLC, f/k/a
RADIUM2 CAPITAL, INC.,

        Defendant.
-------------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Marianne T. O'Toole, as Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

    I.      Defendant Violated A Clear And Unambiguous Order Of The Court ............2

    II.     Defendant's Opposition Is Defective And Fails To Raise Any
           Material Issue Of Fact ........................................................................................4

           A. Defendant Is A Creditor Of The Debtor ....................................................7

           B. Defendant Was Repaid On Account Of An Antecedent Debt ..................7

           C. Defendant's Ordinary Course Of Business Defense Fails
              As A Matter Of Law ..................................................................................11

CONCLUSION ...............................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**                                                                        **Pages**

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986)......................................................................................................6

Cordius Trust v. Kummerfeld Assocs.,
658 F. Supp. 2d 512 (S.D.N.Y. 2009).........................................................................4

Davis v. Richmond Capital Group,
194 A.D.3d 516 (1st Dep't 2021) ..........................................................................8, 10

Endico Potatoes, Inc. v. CIT Grp./Factoring,
67 F.3d 1063 (2d Cir. 1995) .......................................................................................8

Fleetwood Servs., LLC v. Ram Capital Funding, LLC, No. 20-cv-5120 (LJL),
2022 U.S. Dist. LEXIS 100837 (S.D.N.Y. June 6, 2022) ..........................................9

Fleetwood Servs., LLC v. Richmond Capital Grp. LLC,
2023 U.S. App. LEXIS 14241 (2d Cir. June 8, 2023)............................................7, 8

Haymount Urgent Care PC v. GoFund Advance, LLC,
609 F. Supp. 3d 237 (S.D.N.Y. 2022) ..............................................................8, 9, 10

In re Chief Exec. Officers Clubs, Inc.,
359 B.R. 527 (Bankr. S.D.N.Y. 2007).......................................................................4

In re CIS Corp.,
214 B.R. 108 (Bankr. S.D.N.Y. 1997)................................................................11, 12

In re Coronet Capital Co.,
142 B.R. 78 (Bankr. S.D.N.Y. 1992).........................................................................9

King v. Allied Vision, Ltd.,
65 F.3d 1051 (2d Cir. 1995) .......................................................................................4

Lateral Recovery, LLC v. Cap. Mech. Servs. LLC,
632 F. Supp. 3d 402 (S.D.N.Y. 2022) .................................................................8, 10

Lateral Recovery LLC v. Queen Funding LLC,
2022 U.S. Dist. LEXIS 129032 (S.D.N.Y. July 20, 2022).....................................8, 9

Levin v. Tiber Holding Corp.,
277 F.3d 243 (2d Cir. 2002).......................................................................................4

1

LG Funding, LLC v. United Senior Properties of Olathe, LLC,
181 A.D.3d 664 (2d Dep't 2020)..................................................................................8

Monsanto Co. v. Haskel Trading, Inc.,
13 F. Supp. 2d 349 (E.D.N.Y. 1998) ...........................................................................4

New Y-Capp v. Arch Cap. Funding, LLC,
2022 U.S. Dist. LEXIS 180309 (S.D.N.Y. September 30, 2022) ...............................8

O'Toole v. Wrobel (In re Sledziejowski), Nos. 13-22050 (RDD), 13-08317 (SHL),
2015 Bankr. LEXIS 1523 (Bankr. S.D.N.Y. May 4, 2015).........................................3

Richcourt Euro Strategies Inc. v. Soundview Capital Mgmt. Ltd.
(In re Soundview Elite Ltd.), 594 B.R. 108 (Bankr. S.D.N.Y. 2018) .........................6

United States v. Visa U.S.A., Inc., No. 98 Civ. 7076 (BSJ),
2007 U.S. Dist. LEXIS 42133 (S.D.N.Y. June 15, 2007)...........................................4

Vt. Teddy Bear Co. v. 1–800 Beargram Co.,
373 F.3d 241 (2d Cir. 2004) .......................................................................................6

**Statutes & Rules**                                                                                                    **Pages**

11 U.S.C. §547.....................................................................................................11, 12

FED. R. BANK. P. 7056...................................................................................1, 4, 5, 6

Fed. R. Civ. P. 56........................................................................................................4

Local Bankr. R. 7056-1...........................................................................................5, 6

Plaintiff Marianne T. O'Toole, solely in her capacity as Chapter 7 Trustee ("Trustee") of the Estate of J.P.R. Mechanical Inc. d/b/a JPR Mechanical ("Debtor"), by her undersigned counsel, respectfully submits this Reply Memorandum of Law: (i) in further support of the Trustee's motion ("Motion")[1] [ECF Nos. 26, 27] pursuant to, inter alia, Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for partial summary judgment with respect to the First and Fourth Claims for Relief in the Complaint dated August 13, 2021 ("Complaint") against defendant Radium2 Capital, LLC f/k/a Radium2 Capital, Inc. ("Defendant"); and (ii) in response to Defendant's late-filed opposition [ECF Nos. 38-40] to the Trustee's Motion.

## PRELIMINARY STATEMENT

Defendant's Opposition is late, does not contain a single citation to any evidence, is contradicted by the record in the Debtor's case and a related Chapter 11 case, and does not raise any material issues of fact. Instead, relying solely on the unsubstantiated opinions of its Chief Executive Officer, Troy Caruso ("Caruso")[2], Defendant asserts that the transactions with the Debtor "could not" be preference payments. Defendant does not controvert any of the facts set forth in the Trustee's 7056-1 Statement. Defendant inexplicably argues that it was not a creditor of the Debtor, even though it filed two proofs of claim in the Debtor's case, copies of which are annexed as Exhibit A and Exhibit B to the Complaint. Defendant ignores that it failed to respond to the Admissions, timely or otherwise, and did not seek an extension of its time to do so. Defendant also ignores that the Opposition was filed a week after the Court-ordered extended deadline.

---

[1]  Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Trustee's Motion.

[2]  On March 10, 2025, a judgment was entered against Caruso pursuant to 11 U.S.C. § 1349 for conspiracy to commit honest services fraud and Caruso was sentences to twenty (20) months imprisonment. See United States of America v. Troy Caruso, Case No.: 1:23-cr-00654-LJL, ECF No. 97.

1

The uncontroverted facts in this adversary proceeding establish that two (2) transfers totaling over $2.2 million were avoidable preferential payments made by the Debtor to the Defendant, a creditor of the Debtor. Having failed to respond to the Admissions, Defendant is deemed to have admitted that Defendant was paid inconsistently with prior dealings with the Debtor, that Defendant was paid inconsistently with the general practice of Defendant's industry, and that Defendant was paid inconsistently with the general practice of the Debtor's industry. See ECF 26-5, at Request for Admission Nos. 13-15. Defendant is also deemed to have admitted that, for each obligation paid by the Preferential Transfers, such obligation was not incurred by the Debtor as part of Defendant's normal business or financial affairs with the Debtor, and that each of the Preferential Transfers was made by the Debtor inconsistent with ordinary business terms. See id. at Request for Admission Nos. 16-17.

Notwithstanding the Admissions, and assuming arguendo the inquiry goes further, Defendant failed to present any evidence, probative or otherwise, to support its ordinary course of business defense (or any other affirmative defense). Instead, Defendant submits only the limited and conclusory statements of Caruso. In the absence of any material issues of fact, the Trustee is entitled to judgment as a matter of law.

For these and the reasons set forth below and in the Trustee's Motion, the Trustee respectfully requests that the Court overrule the Opposition and grant summary judgment in the Trustee's favor with respect to the First and Fourth Claims for Relief in the Complaint.

**ARGUMENT**

**I.    Defendant Violated A Clear And Unambiguous Order Of The Court**

Pursuant to an Order of the Court entered on December 5, 2024, the Trustee was authorized to move for summary judgment and Defendant's opposition, if any, was due by January 28, 2025.

2

See ECF No. 25. The Trustee timely filed the Motion in accordance with the Order of the Court. On January 21, 2025, i.e., seven (7) days before Defendant's Court-ordered deadline to oppose the Motion, Defendant's prior counsel moved to withdraw. See ECF No. 29. At a hearing conducted on January 29, 2025, the withdrawal of Defendant's prior counsel was expressly conditioned upon two things: (i) that Defendant had seven (7) days from entry of the Order for counsel to appear on its behalf; and (ii) that, to the extent counsel timely appeared, Defendant's time to respond to the Trustee's Motion was extended from January 28, 2025 to fourteen (14) days from the date of entry of the January 29 Order. See ECF No. 33 ("January 29 Order").

On January 29, 2025, Defendant appeared through new counsel. See ECF No. 34. Notwithstanding, Defendant did not respond to the Trustee's Motion by the extended deadline set forth in the January 29 Order, i.e., February 12, 2025. On February 14, 2025, counsel to the Trustee filed a letter requesting that the Court rule on the Trustee's Motion and cancel the hearing that was scheduled for March 4, 2025. See ECF No. 37. A copy of the letter was sent by e-mail to Defendant's current counsel and, upon information and belief, Defendant's current counsel received notice of the electronic filing of the letter. Five (5) days later, on February 19, 2025, Defendant belatedly filed the Opposition. See ECF Nos. 38-40.

Courts have the inherent power to enforce compliance with their lawful orders through civil contempt. See O'Toole v. Wrobel (In re Sledziejowski), Nos. 13-22050 (RDD), 13-08317 (SHL), 2015 Bankr. LEXIS 1523, at *17 (Bankr. S.D.N.Y. May 4, 2015) (internal citations omitted). Bankruptcy courts have civil contempt power pursuant to either section 105(a) of the Bankruptcy Code or their inherent power, independent of any statutory authority. See id. at *18.

A court may exercise its inherent power "only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing,

3

and (3) the party has not diligently attempted in a reasonable manner to comply." In re Chief Exec. Officers Clubs, Inc., 359 B.R. 527, 535 (Bankr. S.D.N.Y. 2007) (citing King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995); Monsanto Co. v. Haskel Trading, Inc., 13 F. Supp. 2d 349, 363 (E.D.N.Y. 1998)). "Clear and unambiguous" means that the clarity of the order must be such that it enables the enjoined party "to ascertain from the four corners of the order precisely what acts are forbidden." Chief Exec. Officers, 359 B.R. at 535 (quoting Monsanto Co., 13 F. Supp. 2d at 363). "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate 'reasonable certainty' that a violation occurred." Chief Exec. Officers, 359 B.R. at 535 (quoting Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir. 2002)). "Federal courts have broad discretion to fashion remedies as equity requires, to ensure compliance with their orders." Cordius Trust v. Kummerfeld Assocs., 658 F. Supp. 2d 512, 524 (S.D.N.Y. 2009) (citing United States v. Visa U.S.A., Inc., No. 98 Civ. 7076 (BSJ), 2007 U.S. Dist. LEXIS 42133 (S.D.N.Y. June 15, 2007)).

Here, Defendant's failure to comply with the Court's January 29 Order is contemptuous and sanctions are appropriate.

## II.    Defendant's Opposition Is Defective And Fails To Raise Any Material Issue Of Fact

Even if the Opposition had been timely filed, it is nevertheless defective and fails to raise any material issue of fact. The only "evidence" presented by Defendant is the 2-page affidavit of Caruso -- Defendant neither controverts any of the material facts properly cited by the Trustee in support of the Motion nor cites to any evidence in the record to support its unsubstantiated arguments.

Bankruptcy Rule 7056 controls the procedure for adversary proceedings in bankruptcy and makes Rule 56 of the Federal Rules Civil Procedure ("Federal Rules") applicable in adversary

4

proceedings. Federal Rule 7056(c) provides in relevant part, that:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED. R. CIV. P. 7056(c).

Rule 7056-1 of the Local Bankruptcy Rules of the Southern District of New York ("Local Bankruptcy Rules") further provides in relevant part:

> (b) Upon any motion for summary judgment pursuant to Bankruptcy Rule 7056, there shall be annexed to the motion a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit the statement shall constitute grounds for denial of the motion.
>
> (c) Papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short, and concise statement of additional material facts as to which it is contended that there is a genuine issue to be tried.
>
> (d) Each numbered paragraph in the statement of material facts required to be served by the moving party shall be deemed admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

>  (e)  Each statement by the movant or opponent pursuant to subdivisions (b) or (c) of this rule, including each statement controverting any statement of material fact by a movant or opponent, shall be followed by citation to evidence which would be admissible.

Local Bankruptcy Rule 7056-1.

In accordance with Local Bankruptcy Rule 7056-1(b), the Trustee's Motion is supported by a statement of undisputed material facts supported by citations to evidence in the record. See generally ECF No. 26-1. Defendant does not controvert any of the Trustee's material facts in its Opposition and simply ignores the Local Bankruptcy Rule. See generally ECF No. 40.

It is axiomatic that uncontroverted statements in a Rule 7056-1 Statement are deemed admitted for the purpose of ruling on a summary judgment motion. See Richcourt Euro Strategies Inc. v. Soundview Capital Mgmt. Ltd. (In re Soundview Elite Ltd.), 594 B.R. 108, 125-26 (Bankr. S.D.N.Y. 2018) (citing Vt. Teddy Bear Co. v. 1–800 Beargram Co., 373 F.3d 241, 244, 246 (2d Cir. 2004) (non-movant's failure to properly address movant's assertion of fact "allow[s] the district court to accept the movant's factual assertions as true," provided that the court is "satisfied that the citation to evidence in the record supports the assertion"). See also Local Bankruptcy Rule 7056-1(d).

Where, as here, the moving party has carried its burden of showing that no material fact is in dispute and that it is entitled to judgment as a matter of law, the party opposing the motion "may not rest upon the mere allegations or denials in his pleadings, but . . . must set forth specific facts showing there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is considered material if it "might affect the outcome of the suit under the governing law," and a genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The Trustee's uncontroverted material facts are all deemed admitted and the Trustee is entitled to judgment as a matter of law.

6

### A. Defendant Is A Creditor Of The Debtor

Any argument that Defendant is not a creditor of the Debtor is belied by the incontrovertible evidence and should be rejected. Defendant was scheduled by the Debtor as a creditor on its Schedule E/F. See Case No.: 19-23480-dsj, ECF No. 91 at p. 46. Defendant then filed two (2) proofs of claim against the Debtor's estate, i.e., Claim 105 and Claim 106, copies of which are annexed as Exhibit A and Exhibit B to the Complaint. Defendant also commenced an adversary proceeding against the Debtor's principal, Timothy Schmidt, arising from the July Contract with the Debtor by which Defendant seeks a determination that its debt is non-dischargeable pursuant to section 523 of the Bankruptcy Code. See generally Adv. Pro. No.: 19-08708-dsj, ECF No. 1. Defendant's Opposition does not contain a single citation to any evidence – let alone admissible evidence – to controvert that Defendant is a creditor of the Debtor.

### B. Defendant Was Repaid On Account Of An Antecedent Debt

Any argument that Defendant was not paid on account of an antecedent debtor is belied by the incontrovertible evidence and also should be rejected. To this end, Defendant argues that the contracts it entered into with the Debtor were not loans and were instead for the purchase of receivables. The evidence, i.e., the April, May, June and July Contracts (collectively, "Contracts") between the Debtor and Defendant, shows otherwise.[3]

To determine whether the Contracts are really loans, courts consider at least three non-exhaustive factors: "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy." Fleetwood Servs., LLC v. Richmond Capital Grp. LLC, 2023 U.S. App. LEXIS 14241 at *3 (2d Cir. June 8, 2023). Other non-exhaustive factors courts applying New York law

---

[3] Copies of the Contracts produced by Defendant during discovery are Exhibits M through P of the Declaration of Holly R. Holecek, Esq. submitted in support of the Trustee's Motion. See ECF No. 26-2 ("Decl.").

7

consider in evaluating whether similar contracts are loans include: (4) whether the agreements identify particular revenue or accounts that were supposedly purchased; (5) whether the merchant is responsible for collecting the future receipts; (6) whether default is declared after a few missed payments; and (7) whether the daily payment rates appear to be good faith estimates of merchant's receivables. See LG Funding, LLC v. United Senior Properties of Olathe, LLC, 181 A.D.3d 664, 666 (2d Dep't 2020); Davis v. Richmond Capital Group, 194 A.D.3d 516, 517 (1st Dep't 2021); Haymount Urgent Care PC v. GoFund Advance, LLC, 609 F. Supp. 3d 237 (S.D.N.Y. 2022); Lateral Recovery LLC v. Queen Funding LLC, 2022 U.S. Dist. LEXIS 129032, *12-13 (S.D.N.Y. July 20, 2022); Lateral Recovery, LLC v. Cap. Mech. Servs. LLC, 632 F. Supp. 3d 402 (S.D.N.Y. 2022). Courts further consider whether there was a real transfer of risk. See Queen Funding, 2022 U.S. Dist. LEXIS 129032 at *12-13 ("when determining whether a transaction was a true sale of receivables or a loan, 'the root of [the analysis] is the transfer of risk. Where the lender has purchased the accounts receivable, the borrower's debt is extinguished and the lender's risk with regard to the performance of the accounts is direct, that is, the lender and not the borrower bears the risk of non-performance by the account debtor.") (citing Endico Potatoes, Inc. v. CIT Grp./Factoring, 67 F.3d 1063, 1069 (2d Cir. 1995).

The fact that the Contracts state they are not loans is not dispositive. See Fleetwood Servs., 2023 U.S. App. LEXIS 14241 at * 3 ("Under New York law, which governs the [Contracts], 'substance—not form—controls' when a court determines whether a transaction is a loan.) (citations omitted); see also New Y-Capp v. Arch Cap. Funding, LLC, 2022 U.S. Dist. LEXIS 180309, *10 (S.D.N.Y. September 30, 2022) ("[C]ourts must determine a transaction's purpose by its true character, under all circumstances, rather than its title."). Here, applying the foregoing factors to the Contracts and the undisputed facts leads to the unavoidable conclusion that the

8

Contracts are loans.

First and foremost, the Debtor's principal personally guaranteed the Debtor's performance under the Contracts. See Exhibit M to Decl. at pp. 1 and 5, §16.2; Exhibit N to Decl. at pp. 1 and 5, §16.2; Exhibit O to Decl. at pp. 1 and 5, §16.2; Exhibit P to Decl. at pp. 1 and 5, §16.2. As such, the risk of non-payment on the future receivables was never transferred to Defendant. See Fleetwood Servs., LLC v. Ram Capital Funding, LLC, No. 20-cv-5120 (LJL), 2022 U.S. Dist. LEXIS 100837, at *4 (S.D.N.Y. June 6, 2022) (finding that transaction, which included security agreement and personal guaranty, viewed "as a whole" constituted loan and not contract for purchase of future receivables); In re Coronet Capital Co., 142 B.R. 78, 82 (Bankr. S.D.N.Y. 1992) (finding that at-issue agreement was "a disguised loan" because, inter alia, debtor "guaranteed payment" and "[t]his effectively guaranteed . . . against all risk of loss.").

Second, Defendant admitted that the Contracts had finite terms equal to the amount of the loans divided by the fixed daily payments. See Exhibit L to Decl. to pp. 51-53 (testimony of Caruso). The transaction history produced by Defendant during discovery further evidences that the Contracts had finite terms. See Exhibit I to Decl. (expected remittance date for the April, May and June Contract is equal to the purchased amount divided by the fixed daily payments). Courts applying New York law have found this sufficient to show the Contracts have finite terms. See, e.g., Queen Funding, 2022 U.S. Dist. LEXIS 129032 at *16 ("[A] de facto term plausibly exists. The period of payment can be easily calculated by dividing the amount FTE owes by the amount of daily payments"); Haymount, 609 F. Supp. 3d at 248 n. 5 (similar).

Third, none of the Contracts identify any specific receivables Defendant was allegedly purchasing. See Exhibits M through P to Decl. Rather, they broadly describe purchasing virtually every theoretical thing the Debtor owned or could come to own. See, e.g., Exhibit O at p. 1

9

(defining "Future Receipts" as "all payments made by cash, check, ACH or other electronic transfer, credit card, debit card, bank card, charge card[.]"). The failure to identify the specific receivables Defendant was purchasing in the Contracts demonstrates these were repayable loans. See Haymount, 609 F. Supp. 3d at 249 ("Nor does any MCA agreement identify particular revenues or accounts that were supposedly purchased, so there is no transfer of 'risk of nonpayment by any specific customer.'") (citations omitted).

Fourth, despite Defendant purportedly purchasing the Debtor's receivables, the Debtor remained responsible for collecting the receivables Defendant allegedly purchased and depositing them into a bank account for Defendant to draw upon. See, e.g., Exhibit O at p. 1, ¶1. This too further renders the Contracts loans. See Haymount, 609 F. Supp. 3d at 249 (ruling similar agreements to be like loans where they "leave merchants with the responsibility to collect revenues from all their accounts").

Fifth, missing just one payment constituted an event of default under the Contracts. See, e.g., Exhibit O at p. 5, ¶15. Under New York law, even less onerous missed payment provisions in similar agreements have been construed to render the agreements loans. Lateral Recovery, 632 F. Supp. at 458 (finding similar agreement like a loan where the "merchant has to pay a fixed amount on a daily basis. If it fails to do so just three times, a default is declared"); Davis, 194 A.D. 3d at 517 (finding similar agreements like a loan where there were "provisions making rejection of an automated debit on two or three occasions without prior notice an event of default"); Queen Funding, 2022 U.S. Dist. LEXIS 129032 at *18 (same); Haymount, 609 F. Supp. 3d at 249 (similar).

Sixth, while the Contracts state that their fixed daily remittances were based on "actual Future Receipts", Caruso testified under oath that the daily payment was based on the size of the

loan, not the Debtor's receivables. See Exhibit L to Decl. to p. 51 (Caruso testified under oath that "it's an amount of days, it's the payment deducted by what your purchasing.").

Seventh, Defendant's conduct in the Debtor's Chapter 7 case further supports that the Contracts were loans. Indeed, Defendant filed two (2) proofs of claim against the Debtor's estate, i.e., Claim 105 and Claim 106. That Defendant filed proofs of claim plainly demonstrates that Defendant did not bear the risk of non-performance by the Debtor. Had this been a true purchase of receivables, Defendant would not have the ability to recover on a claim (or claims) against the Debtor.

Based on the foregoing, the Court should find as a matter of law that the Contracts, including the April Contract and the June Contract which were admittedly repaid by the Preferential Transfers, were loans.

### C. Defendant's Ordinary Course Of Business Defense Fails As A Matter Of Law

Pursuant to section 547(g) of the Bankruptcy Code, Defendant has the burden of proving the non-avoidability of any transfer under section 547(c) of the Bankruptcy Code by a preponderance of the evidence. See 11 U.S.C. § 547(g); see also In re CIS Corp., 214 B.R. 108, 119-120 (Bankr. S.D.N.Y. 1997). Here, Defendant has not established the non-avoidability of the Preferential Transfers.

Defendant has admitted, inter alia, that Defendant was paid inconsistently with prior dealings with the Debtor, that Defendant was paid inconsistently with the general practice of Defendant's industry, and that Defendant was paid inconsistently with the general practice of Debtor's industry. See Ex. C to Decl. at Request for Admission Nos. 13-15. Defendant further admitted that, for each obligation paid by the Preferential Transfers, such obligation was not incurred by the Debtor as part of Defendant's normal business or financial affairs with the Debtor,

11

and that each such Preferential Transfer was made by the Debtor inconsistent with ordinary business terms. See id. at Request for Admission Nos. 16-17.

Assuming arguendo that Defendant had not already admitted that the Preferential Transfers were not made in the ordinary course of business, Defendant nevertheless attempts to argue the opposite without controverting the Trustee's material facts or submitting any admissible evidence. See ECF No. 38 at pp. 5-8. Defendant would instead have the Court conclude that the Preferential Transfers were made in the ordinary course of business based solely on the self-serving and conclusory affidavit of Caruso. Defendant offers no independent analysis, no citations to any evidence in the record, and no evidence sufficient to meet its burden of proof. Where, as here, the non-moving party bears the burden of proof on an issue at trial, "the moving party may simply point to the absence of evidence to support the nonmoving party's case." See CIS Corp., 214 B.R. at 119 (citations omitted).

The Preferential Transfers were neither "routine" nor "ordinary". Under the April Contract, Defendant was entitled to a daily payment of $13,673.47 for purchased receivables of $2,010,000. See Ex. M to Decl. Under the June Contract, Defendant was entitled to a daily payment of $107,142.86 for purchased receivables of $750,002.50 See Ex. O to Decl. The April Contract and June Contract indisputably were paid off in lump sums by the Preferential Transfers. See Ex. L to Decl. at pp. 70, lines 9:25; 80, lines 1:10; 84, lines 2:21. Furthermore, both the April Contract and June Contract were indisputably paid in less time than the periods contemplated by the Debtor and Defendant in the agreements. There is no probative evidence submitted to support Defendant's contention that the Preferential Transfers were made in the ordinary course of business and the undisputed evidence establishes that they were not.

Defendant has not sustained its burden of proof under section 547(g) of the Bankruptcy

12

Code.

## CONCLUSION

There are no issues of material fact and the Trustee is entitled to judgment as a matter of law. For the reasons set forth herein and in the Trustee's Motion, the Trustee respectfully requests that the Court overrule Defendant's Opposition, grant the relief requested in the Trustee's Motion, and grant the Trustee such other and further relief as is just and proper.

Dated: March 11, 2025
      Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Marianne T. O'Toole, as Trustee*

By:   *s/ Holly R. Holecek*
      Holly R. Holecek, Esq.
      A Partner of the Firm
      3305 Jerusalem Avenue, Suite 201
      Wantagh, New York 11793
      Telephone: (516) 826-6500

13